UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DWAYNE BARNES,

                   Plaintiff,

-v-

M. ABDULLAH, A.M. ICEARI, D. LANE,
DR. BOHPOLEE, and B. KELLY,

                  Defendants.
------------------------------------------------------------X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/14

No. 11-cv-8168-RA

MEMORANDUM ORDER
AND OPINION

RONNIE ABRAMS, United States District Judge:

Plaintiff Dwayne Barnes, proceeding *pro se*, brings this action against M. Abdullah, A.M. Iceari, and D. Lane, three counselors in the Alcohol and Substance Abuse Treatment ("ASAT") program at Green Haven Correctional Facility ("Green Haven") where Barnes was previously incarcerated.[1]  On July 22, 2013, the Court granted Defendants' motion to dismiss the First Amended Complaint, dismissing all claims with prejudice except for Barnes' claim pursuant to § 504 of the Rehabilitation Act, 29 U.S.C. § 794. On November 22, 2013, Barnes filed a Second Amended Complaint, alleging that Defendants violated the Rehabilitation Act by removing him from the ASAT program.  Defendants again move to dismiss, and the motion is granted for the reasons that follow.

**BACKGROUND**

Barnes alleges that he suffers from rheumatoid arthritis which renders him disabled under the meaning of the Rehabilitation Act. (Second Am. Compl. ("SAC"), Preliminary Statement.) Barnes claims that his arthritis constitutes "a degenerating, disabling knee injury" and causes him

---

[1] The Court's previous Order dismissed with prejudice Barnes' claims for unlawful disclosure of medical information against Green Haven medical personnel Dr. Bhopale (sued as "Dr. Bohpolee") and B. Kelly. (Order 14-15, 17.) Barnes did not formally amend the case caption, but it is clear that the Second Amended Complaint asserts claims against only Abdullah, Iceari, and Lane. (See SAC ¶¶ 14-15 (referring to Bhopale and Kelly as "former" defendants and noting the dismissal of his medical disclosure claims).) Barnes has not, in any event, stated a claim against them.

to "endure great pain." (SAC ¶ 18.) Barnes was prescribed pain medication to treat his arthritis. (Id.)

As part of the ASAT program, Barnes signed a contract agreeing "not to use alcohol or any other non-prescribed mind-altering substance while [he is] in ASAT." (Id. ¶ 9; Ex. B.) According to the Second Amended Complaint, even though other inmates in the ASAT program were taking heavier medication than Barnes was, Defendants discharged him from the program because of his prescribed arthritis medication. (SAC ¶ 11, Exs. C, D.) They also allegedly disclosed Barnes' medical information during an ASAT group session. (SAC ¶ 12.) As a result of the actions taken by Defendants, Barnes claims he was "harassed, transferred, discharged from the ASAT program with an unfavorable evaluation . . ." and denied substance abuse treatment. (Id. ¶¶ 21-22.)

Barnes filed a grievance seeking good-time credit for his participation in ASAT. (SAC Ex. D.) After an initial, partial affirmance which stated that Barnes was discharged "for poor performance/participation," Barnes appealed. (SAC Ex. E.) The Central Office Review Committee ultimately concluded that Barnes had "received an administrative discharge from ASAT due to a medical condition" and that "upon readmission his prior time in ASAT will be reevaluated and credited as appropriate." (SAC Ex. G.)

## APPLICABLE LEGAL STANDARD

"In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint. . . . [and] draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citation omitted). The Court inquires whether a complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678. A *pro se* complaint "must be construed liberally with special solicitude and interpreted to raise the strongest claims that it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013) (internal quotation marks and citation omitted).

## DISCUSSION

As explained in the Court's July 22, 2013 Order, a plaintiff must allege the following in order to state a claim under Section 504 of the Rehabilitation Act:

> (1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability.

Hargrave v. Vermont, 340 F.3d 27, 34-35 (2d Cir. 2003). To be a qualified individual with a disability, a plaintiff must (1) "show that [he] suffers from a physical or mental impairment"; (2) "identify the activity claimed to be impaired and establish that it constitutes a 'major life activity'"; and (3) "show that [his] impairment 'substantially limits' the major life activity previously identified." Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 147 (2d Cir. 2002) (citations omitted) (quoting Bragdon v. Abbott, 524 U.S. 624, 631 (1998)).

The Court previously dismissed Barnes' Rehabilitation Act claim because he had not alleged that his rheumatoid arthritis "limits any of his major life activities," and because the allegation that he "is a qualified individual" merely states a legal conclusion. (Order 13 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of the cause of action will not do.").)

Barnes' Second Amended Complaint also fails to allege that he has a disability which substantially impairs a major life activity. As described above, it asserts only that Barnes' rheumatoid arthritis is "a degenerating, disabling knee injury" which causes him to "endure great

3

pain." (SAC ¶ 18.) Although Barnes has attached medical records to the Second Amended Complaint which document that he has "moderately severe degenerative" joint disease in his knee, (see, e.g., SAC Ex. A at ECF 18), a medical condition such as his—even one alleged to be "degenerating, disabling" and painful—is insufficient by itself to make one a qualified individual. "[I]mpairment and disability are not equivalent; for an individual to be disabled he must show that the impairment substantially limits a major life activity." Palmieri v. City of Hartford, 947 F. Supp. 2d 187, 199 (D. Conn. 2013) (internal quotation marks omitted). A major life activity is one that has "central importance to daily life." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 197 (2002); see also Troeger v. Ellenville Cent. Sch. Dist., 523 F. App'x 848, 852 (2d Cir. 2013).

The Second Amended Complaint does not contain allegations that any of Barnes' life activities—such as caring for oneself, walking, sleeping, hearing, seeing, or breathing, see 28 C.F.R. § 35.104—have been affected by his rheumatoid arthritis. By contrast, where the record in Kearney v. N.Y.S. DOCS, No. 10 Civ. 6202 (CJS), 2012 WL 5197678, at *4 (W.D.N.Y. Oct. 19, 2012), indicated that the plaintiff's "knee condition was permanent, extremely painful and prevented him from walking at all" it was sufficient to show a disability under the Rehabilitation Act. Because Barnes has made no such allegations here, his claim must be dismissed. See e.g., Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 401 (S.D.N.Y. 2011) (dismissing ADA claim because the "plaintiff [did] not specifically identify any major life activities that are substantially limited by his impairment")[2]; Kendricks v. Westhab, Inc., 163 F. Supp. 2d 263, 269 (S.D.N.Y. 2001), aff'd, 40 F. App'x 619 (2d Cir. 2002) (same where the plaintiff alleged "permanent injuries for which he has to take medications" but did not allege or show that his injury

---

[2] Pleading requirements under the ADA and the Rehabilitation Act are "identical" in this context. Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009).

substantially limited a major life activity); Hallgren v. Bell Atl. Corp., No. 99 Civ. 11937 (CM) (GAY), 2000 WL 726496, at *1 (S.D.N.Y. May 30, 2000) (same where the plaintiff "[did] not specify in her complaint which activities are impacted or in what ways she is limited," but rather "merely parrot[ed] the statutory language . . . .").

Because Barnes does not allege that any of his major life activities are affected by his rheumatoid arthritis, he has failed to state a claim under the Rehabilitation Act.[3]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. In light of his *pro se* status, Barnes shall be given one, final opportunity to amend his Rehabilitation Act claim. He has thirty days to file a third amended complaint, provided that he has a good faith basis for doing so. Otherwise, the case will be closed and his claim will be deemed dismissed with prejudice. In addition, Barnes' request for *pro bono* counsel is denied, because his claim as it is currently presented lacks merit. See Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986).

A telephone conference to discuss the status of this matter is scheduled for August 12, 2014 at 10:00 a.m. The Clerk of Court is respectfully directed to close the motion at docket number 53.

SO ORDERED.

Dated:   August 7, 2014
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[3] The Court, accordingly, will not address Defendants' argument that they cannot be sued for damages in their official capacities under the Rehabilitation Act. (Defs.' Mem. of Law 6-9.)